1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| EDEN BRELAND, | CASE NO. 08cv0576 JM(JMA) |
| --- | --- |
| Plaintiff, | ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; GRANTING LEAVE TO AMEND |
| vs. | |
| PHILIPPINE AIRLINE INC. And ASSOCIATES, | |
| Defendant. | |

**Motion for Leave to Proceed In Forma Pauperis**

Plaintiff moves for leave to prosecute this action without the prepayment of fees pursuant to 28 U.S.C. §1915. Plaintiff declares that he works part time earning approximately $800 per month and that his expenses exceed his income. He also declares that he does not own any significant asset. Consequently, the court grants Plaintiff leave to prosecute this action in forma pauperis.

**Dismissal of the Complaint**

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264

(1868)).  Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ."  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Plaintiff, an individual, seeks to bring a criminal action against Philippine Airlines, Inc.  Plaintiff generally contends that Philippine Airlines, Inc. violated several International Protocols of the United Nations, and engaged in other violations of criminal law.  Apparently, Plaintiff also seeks to bring claims for treason, fraud, conspiracy, racketeering, violation of the Universal Bill of Rights, violation of ex post facto laws, freedom of the press, violation of the Universal Freedom of Choice, and violation of Emigration Rights.  Plaintiff seeks total damages of about $3 billion or a partial assignment of $100 million per day.

The court sua sponte dismisses this action for several reasons.  First, only the government, and not individual citizens, may commence criminal actions.  See Fed.R.Crim.P.  Second, Plaintiff fails to show that the international treaties and United Nations Resolutions cited by Plaintiff create private causes of action.  Third, if intended as a civil action, the complaint contains numerous deficiencies, including, the failure to set forth the jurisdictional basis of this court to entertain Plaintiff's claims, to set forth a short and plan statement of the case pursuant to Fed.R.Civ.P. 8, and to state a claim within the meaning of Fed.R.Civ.P. 12(b)(6).

In sum, the court grants Plaintiff leave to proceed in forma pauperis and sua sponte dismisses Plaintiff's criminal complaint with prejudice.  However, to the extent that Plaintiff seeks to allege civil claims, the court grants 20 days leave to amend from the date of entry of this order.  Plaintiff is cautioned that his failure to set forth, in any

/ / /
/ / /
/ / /
/ / /

1 | amended complaint, claims that comply with the Federal Rules of Civil Procedure may
2 | result in the dismissal of those claims without prejudice.
3 | **IT IS SO ORDERED.**
4 | DATED:  April 1, 2008

Hon. Jeffrey T. Miller
United States District Judge

8 | cc:          All parties